UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL E. ROBERTS,

    Petitioner,

v.                          Case No: 2:18-cv-501-JES-NPM

SECRETARY, DOC,

    Respondent.
_____/

**OPINION AND ORDER**

Before the Court is Petitioner Michael E. Roberts' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Roberts challenges a 2013 conviction of aggravated battery.

**I.    Background**

The State of Florida charged Roberts with Aggravated Battery with a Deadly Weapon for stabbing Larry McDonald with a knife on October 7, 2012. (Doc. #21-1 at 18). Roberts was represented by the Public Defender's Office—Thomas B. Dominico represented Roberts pre-trial, and Jason Jay Kruszka represented him at trial and sentencing. (Doc. #1 at 8). The State moved in limine to exclude evidence that McDonald had cocaine in his system on October 7, 2012, and that McDonald signed a document requesting that no charges be filed. (Doc. #21-1 at 27). The trial court found McDonald's drug use likely irrelevant but declined to prejudge its

admissibility on cross-examination without first hearing McDonald's testimony. (Doc. #21-3 at 51). The court allowed Kruszka to ask McDonald about the document he signed. (Id. at 35).

At trial, the State presented evidence that Roberts stabbed McDonald multiple times with a knife outside Wrights Groceries after McDonald refused to buy him a beer, and that Roberts gave police inconsistent statements about the stabbing. In his case in chief, Roberts claimed McDonald attacked him and he used his knife in self-defense.

The jury found Roberts guilty of Aggravated Battery with a Deadly Weapon (Doc. #21-1 at 51). The Court sentenced him to a 30-year prison term. (Id. at 55). Roberts appealed the conviction to the Second District Court of Appeal of Florida (2nd DCA), represented by Allyn M. Giambalvo. Roberts raised one issue on appeal: that the trial court erred in granting the state's motion in limine to exclude evidence of McDonald's drug use. (Id. at 66-79). The 2nd DCA affirmed without a written opinion. (Id. at 95).

Roberts petitioned the 2nd DCA for a writ of habeas corpus, asserting ineffective assistance of appellate counsel. (Id. at 102-25). The 2nd DCA denied the petition without a written opinion. (Doc. #21-2 at 224). Roberts also filed a motion under Florida Rule of Criminal Procedure 3.850, arguing his trial counsel

was constitutionally ineffective. (Id. at 226-36). The post-conviction court denied the motion. (Doc. #21-6 at 2-7). The 2nd DCA affirmed without a written opinion. (Id. at 73). Roberts' Habeas Petition followed. He raises two grounds of ineffective assistance of counsel and argues the trial court erred by partially granting the State's motion in limine.

**II. Applicable Habeas Law**

   **a. AEDPA**

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing

legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. White, 134 S. Ct. at 1702; Casey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal

4

habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." Sexton v. Beaudreaux, 138 S. Ct. 2555, 2558 (2018).

Finally, when reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

### b. Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal

constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007). A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) if "the failure to consider the claim would result in a fundamental miscarriage of justice." Id. (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)).

### c. Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. Id.

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide

6

range of reasonable professional assistance.'" Sealey v. Warden, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting Strickland, 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Franks v. GDCP Warden, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting Harrington, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." Id.

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sealey, 954 F.3d at 1355 (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." Id. And "[w]hile the Strickland standard is itself hard to meet, 'establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.'" Id. (quoting Harrington, 562 U.S. at 105). The critical question is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. Mays v. Hines, 141 S. Ct. 1145, 1149

7

(2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." Id. (quoting Knowles v. Mirazayance, 556 U.S. 111, 123 (2009)).

**III. Analysis**

    **a. Ground 1: Trial counsel failed to object to erroneous jury instruction on justifiable use of deadly force.**

The trial court gave the jury the standard instruction on justifiable use of deadly force. Roberts argues Kruszka should have objected because the instruction incorrectly stated deadly force was not justified unless Roberts had exhausted every reasonable means of escape. The record refutes Roberts' claim. The relevant part of the instruction actually read,

> If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

(Doc. #21-1 at 38).

Roberts claims an unnamed Florida appellate court found the instruction outdated. The post-conviction court addressed this issue when it denied Robert's Rule 3.850 motion:

> 12. To the extend Defendant argues in his motion that the jury instructions were invalid, defense counsel could not be found ineffective for failing to object to instructions which had not been invalidated at the time

8

of trial. See Nixon v. State, 932 So. 2d 1009, 1016 n.6 (Fla. 2006) (citing Waterhouse v. State, 792 So. 2d 1176, 1196 (Fla. 2001)). Moreover, as the State argued, the jury instructions were not outdated and included language that the Second District stated should have been used by the trial court in Richard v. State, 39 So. 3d 431, 433 (Fla. 2d DCA 2010). Further, as the State argued, the jury instructions that Defendant claims were invalid have been in existence since 2010. Hence, defense counsel cannot be found ineffective for failing to object to the instructions.

13. To the extent that Defendant believes the jury instructions were invalidated by Floyd v. State, 151 SO. 3d 452, 453-54 (Fla. 1st DCA 2014), *quashed by* Floyd v. State, 186 So. 3d 1013 (Fla. 2016), this argument is misplaced. First, Floyd was decided after the case at hand; therefore, any invalidation would have occurred after the trial in this case. Second, the "initial aggressor" language that appeared in Floyd was not used in this case. Third, the Florida Supreme Court held that the standard jury instruction at issue in Floyd "accurately and correctly" explained the law to the jury. Floyd, 186 So. 3d at 1020.

(Doc. #21-6 at 4-5).

Roberts identifies no error in the state court's holding, and this Court finds none. The instruction was not misleading, invalid, or otherwise erroneous, so an objection would have been meritless. The Court denies Ground 1.

### b. Ground 2: Trial counsel failed to move for "Stand Your Ground" immunity before trial.

Roberts next argues a "Stand Your Ground" motion filed before trial would have made him immune from prosecution, and Kruszka was constitutionally ineffective because he did not file one. Florida's "Stand Your Ground" law provides "immunity from prosecution when a defendant has used force in accordance with

9

certain specified statutory circumstances." Bretherick v. State, 170 So. 3d 766, 768 (Fla. 2015). Had Kruszka filed a motion, the burden would have been on Roberts to prove entitlement to "Stand Your Ground" immunity by a preponderance of the evidence. State v. Gallo, 76 So. 3d 407, 409 n.2 (Dist. Ct. App. Fla. 2011); Bretherick, 170 So. 3d at 775.

The post-conviction court found that Roberts failed to show either prong of Strickland:

> 16. The State persuasively argues that Defendant's counsel was *not deficient* because he would not have prevailed had a pretrial motion to dismiss been filed. The record evidence shows that the Defendant provided numerous inconsistent and contradictory statements and could not have proven by the "preponderance of the evidence" (which was the legal standard at the time) that he reasonably believed deadly force was necessary to prevent imminent death or great bodily harm...
>
> 17. Even if counsel was in some way deficient, Defendant has not and could not demonstrate prejudice (the second prong of Strickland) at any evidentiary hearing scheduled on the 3.850 motion. He was permitted to, and did, testify on his own behalf at trial, and the State introduced testimony that contradicted the Defendant's claim of self-defense. See Dennis v. State, 51 So. 3d 456, 463 (Fla. 2010) (when trial court erroneously denied defendant's pretrial motion to dismiss, the Florida Supreme Court found that the error was harmless after jury rejected claim of self-defense at trial). The jury was able to see identical evidence and hear testimony from the exact same witnesses, consisting of the Defendant, the victim, and law enforcement, who likely would have appeared before the Court at a motion to dismiss hearing. The jury considered and rejected the Defendant's self-defense claim at trial, when the State had the burden to prove, beyond a reasonable doubt, that self-defense did not apply.

(Doc. #21-6 at 5-6).

Roberts does not challenge any part of the post-conviction court's reasoning. Roberts' claim that Kruszka was deficient is conclusory; he does not identify any evidence he could have presented at a "Stand Your Ground" hearing to meet his burden of proof. Presumably, Roberts would have given testimony similar to his trial testimony. And as the post-conviction court noted, that testimony failed to even raise a reasonable doubt of Roberts' guilt in the minds of the jurors. The state court's rejection of this ground was not contrary to established federal law, and Roberts has not satisfied either ground of Strickland. Ground 2 is thus denied.

### c. Ground 3: The trial court erred by granting the State's motion in limine.

Finally, Roberts argues the trial court violated his Fifth, Sixth, and Fourteenth Amendment due process rights by excluding evidence of McDonald's cocaine use. Roberts argues the "evidence was proffered to show that the victim's inebriated state was the very reason he was the aggressor and not the Petitioner." (Doc. #1 at 7).

Before the trial court ruled on the State's motion in limine, Kruszka moved for a continuance so he could secure witnesses to testify there was cocaine in McDonald's system the night Roberts stabbed him. (Doc. #21-3 at 28). The trial court denied the motion after finding McDonald's drug use irrelevant. (Id. at 37).

Roberts appears to be challenging the trial court's denial of his motion to continue in addition to its grant of the State's motion in limine. But he did not exhaust this part of Ground 3 in state court. The only federal question Roberts raised on direct appeal—and thus the only part of Ground 3 he exhausted—is whether the trial court violated the Sixth Amendment's confrontation clause by excluding McDonald's drug use on cross-examination. (Doc. #21-1 at 75-79). The remainder of Ground 3 is procedurally barred. See Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179 (11th Cir. 2010) ("under Florida law, a claim is procedurally barred from being raised on collateral review if it could have been, but was not raised on direct appeal").

"[F]ederal courts will not generally review state trial courts' evidentiary determinations." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1295 (11th Cir. 2014). "Habeas relief is warranted only when the error 'so infused the trial with unfairness as to deny due process of law.'" Id. (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)).

The trial court found evidence of McDonald's drug use irrelevant when denying Roberts' motion to continue, but it did not prejudge its admissibility on cross-examination. Kruszka did not attempt to question McDonald about drug use, so the trial court never explicitly excluded that line of questioning. But even if the court's ruling could be interpreted as excluding McDonald's

drug use—as it was by both sides in Roberts' direct appeal—that did not fatally infect Roberts' trial with unfairness.

"To render a state-court proceeding fundamentally unfair, the excluded evidence must be material in the sense of a crucial, critical, highly significant factor." Id. (internal quotation marks and citation omitted). Roberts failed to show the relevance of the proffered testimony at trial, on direct appeal, and here. Roberts proffered no evidence to establish that McDonald's cocaine use made it more likely that he was the aggressor. So while questioning McDonald about his drug use might have given the jury a negative impression of him, it was not material to Roberts' claim of self-defense. What is more, McDonald testified that he drank several beers before his confrontation with Roberts, and Roberts was allowed to testify that McDonald appeared inebriated. Roberts was thus given a fair opportunity to show that McDonald was the aggressor.

The Court denies Ground 3.

**IV.  Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

13

showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Roberts has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is

**ORDERED:**

Petitioner Michael E. Roberts' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** in Fort Myers, Florida on this __7th__ day of June 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: Petitioner and Counsel of Record